**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6018**

CARLOS DEMOND ROBINSON,

        Petitioner - Appellant,

     v.

WARDEN JANSON,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Henry M. Herlong, Jr., Senior District Judge.  (9:23-cv-03347-HMH)

Submitted:  May 30, 2024                                    Decided:  June 4, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carlos Demond Robinson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Demond Robinson, a federal prisoner, appeals the district court's order adopting the magistrate judge's recommendation and dismissing without prejudice for lack of jurisdiction Robinson's 28 U.S.C. § 2241 petition in which Robinson sought to challenge his 18 U.S.C. § 924(c) convictions and sentences by way of the savings clause in 28 U.S.C. § 2255(e), and the Declaratory Judgment Act, *see* 28 U.S.C. § 2201. The district court ruled that, pursuant to the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465, 471 (2023) (holding that a prisoner cannot use § 2241 to mount a successive collateral attack on the validity of a federal conviction or sentence on the basis of "an intervening change in statutory interpretation"), Robinson could not pursue the advanced claims in a § 2241 petition or a declaratory judgment action. Upon review of the record and relevant authorities, we discern no reversible error in the district court's rulings.[*] Accordingly, we affirm the district court's order. *Robinson v. Janson*, No. 9:23-cv-03347-HMH (D.S.C. Nov. 30, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] In attempting to use a declaratory judgment action to invalidate a statute under which he was convicted, Robinson effectively sought to circumvent the requirements for filing a successive § 2255 motion, which is not permissible. *See Jones*, 599 U.S. at 480 (noting that "[s]ection 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences").